# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No. 13-CR-135

JASON SCHULTZ, JESSICA GILBERT, AND
JESSICA HENSEN (a/k/a JESSICA WEINHART),

    Defendants.

## JURY INSTRUCTIONS

### I. THE CHARGES AND EVALUATION OF THE EVIDENCE

#### 1.01 FUNCTIONS OF THE COURT AND JURY

Members of the jury, you have seen and heard all of the evidence and are about to hear the closing arguments of the attorneys. I will now instruct you on the law that you must follow in deciding this case. As I said at the beginning of the trial, I will also provide you with several copies of these instructions so you can consult them during your deliberations, but hearing them now will help you to understand the arguments of the attorneys. You must follow all of my instructions about the law, even if you disagree with them.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved each defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

### 1.02 THE CHARGE

The charge against each defendant is in a document called an Indictment. The Indictment in this case charges that each defendant committed the crime of Conspiracy to Commit Mail and Wire Fraud in violation of 18 U.S.C. §§ 1349 and 2326. The defendants have pled not guilty to the charge.

The Indictment is simply the formal way of telling the defendants what crime they have been accused of committing. It is not evidence of the defendants' guilt. It does not even raise a suspicion of guilt.

### 1.03 PRESUMPTION OF INNOCENCE/BURDEN OF PROOF

Each defendant is presumed innocent of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving each defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case. Each defendant is never required to prove his or her innocence. He or she is not required to produce any evidence at all.

2

### 5.08(B) CONSPIRACY—NO OVERT ACT REQUIRED

In order for you to find the defendant guilty of this charge, the government must prove both of the following elements beyond a reasonable doubt:

1 The conspiracy as charged in the indictment existed; and

2 The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty. If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

### 5.09 CONSPIRACY—DEFINITION OF CONSPIRACY

A conspiracy is an express or implied agreement between two or more persons to commit a crime. A conspiracy may be proven even if its goals were not accomplished. In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants. The conspiracy charged in the indictment is a conspiracy to commit mail and wire fraud in connection with the sale of timeshare interests that began in or about April 2007 and continued until about April 2011.

### 18 U.S.C. §§ 1341 AND 1343 MAIL/WIRE/CARRIER FRAUD—ELEMENTS

The crimes of mail and wire fraud are committed by one who knowingly devises or participates in a scheme to defraud and does so with the intent to defraud. In addition, the scheme

3

to defraud must involve a materially false or fraudulent pretense, representation, or promise; and, for the purpose of carrying out the scheme or attempting to do so, the defendant must use or cause the use of the United States Mails or interstate wire communications to take place.

### 5.10 CONSPIRACY—MEMBERSHIP IN CONSPIRACY

To be a member of a conspiracy, a defendant does not need to join it at the beginning, and he or she does not need to know all of the other members or all of the means by which the illegal goals of the conspiracy were to be accomplished. The government must prove beyond a reasonable doubt that the defendant you are considering was aware of the illegal goals of the conspiracy and knowingly joined the conspiracy.

A defendant is not a member of a conspiracy just because he or she knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions. In deciding whether a particular defendant joined the charged conspiracy, you must base your decision only on what that defendant did or said. To determine what that defendant did or said, you may consider that defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

### 5.07 PRESENCE/ACTIVITY/ASSOCIATION

(a) A defendant's presence at the scene of a crime and knowledge that a crime is being committed is not sufficient by itself to establish the defendant's guilt.

(b) If a defendant performed acts that advanced the crime but had no knowledge that the crime was

being committed or was about to be committed, those acts are not sufficient by themselves to establish the defendant's guilt.

### 4.10 KNOWINGLY—DEFINITION

To find a defendant guilty of conspiracy, you must find that the defendant "*knowingly* became a member of the conspiracy with an intent to advance the conspiracy." A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether a defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said. You may find that a defendant acted knowingly if you find beyond a reasonable doubt that he or she had a strong suspicion that the statements and representations made to the timeshare owners were false, and that he or she deliberately avoided the truth. You may not find that the defendant acted knowingly if he or she was merely mistaken or careless in not discovering the truth, or if he or she failed to make an effort to discover the truth.

### 18 U.S.C. § 2325 DEFINITION OF TELEMARKETING APPLICABLE TO ENHANCED PENALTIES UNDER 18 U.S.C. § 2326

If you find any of the defendants guilty, you will also be asked to determine whether the offense involved telemarketing and whether it victimized ten or more persons over the age of 55. In order to find that the offense involved telemarketing, you must find that the offense involved a plan, program, promotion, or campaign that was conducted to induce purchases of goods or

5

services, and that either the person conducting the plan, program, promotion or campaign or a prospective purchaser, participant, or contributor must have initiated at least one interstate telephone call during the offense. You should answer "yes" to each of the questions on the verdict only if you are satisfied beyond a reasonable doubt that the answer should be yes. If you are not so satisfied as to either question, then you should answer that question "no."

## 2.01 THE EVIDENCE

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

6

### 2.02  CONSIDERING THE EVIDENCE

Give the evidence whatever weight you decide it deserves.  Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists.  This is called an inference.  You are allowed to make reasonable inferences, so long as they are based on the evidence.

### 2.03  DIRECT AND CIRCUMSTANTIAL EVIDENCE

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact.  Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence.  The law does not say that one is better than the other.  It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

### 2.04  NUMBER OF WITNESSES

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.  You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.  What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

### 3.01 CREDIBILITY OF WITNESSES

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony, including that of the defendant. You may accept all of what a witness says, or part of it, or none of it. Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent statements or conduct by the witness.

### 3.02 ATTORNEY INTERVIEWING WITNESS

It is proper for an attorney to interview any witness in preparation for trial.

### 3.04 PRIOR INCONSISTENT STATEMENT BY DEFENDANT

You have heard evidence that before the trial, a defendant made a statement that may be inconsistent with his or her testimony here in court. You may consider an inconsistent statement by a defendant made before the trial to help you decide how believable the defendant's testimony

8

was here in court, and also as evidence of the truth of whatever the defendant said in the earlier statement.

### 3.05 WITNESSES REQUIRING SPECIAL CAUTION

You have heard testimony from witnesses who may receive a benefit in return for their cooperation and have pled guilty to the crime the defendants are charged with committing. Other witnesses have stated that they were involved in that crime. You may not consider the fact that some witnesses have pled guilty to the offense as evidence against any of the defendants here. You may give these witnesses' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

### 3.06 IMPEACHMENT BY PRIOR CONVICTION

(a) You may consider evidence that a defendant was convicted of a crime only in deciding the believability of his or her testimony. You may not consider it for any other purpose. A previous conviction is not evidence of whether a defendant is guilty of the crime he is charged with in this case.

(b) You may consider evidence that a witness was convicted of a crime only in deciding the believability of his testimony. You may not consider it for any other purpose.

### 3.09 STATEMENT BY DEFENDANT

You have heard testimony that several defendants made statements to various officers of the FBI and U.S. Postal Service or others. You must decide whether the defendant actually made the

9

statements and, if so, how much weight to give to the statements. In making these decisions, you should consider all of the evidence, including that defendant's personal characteristics and circumstances under which the statement may have been made. You may not consider the statement of one defendant as evidence against any other defendant.

### 3.14 RECORDED CONVERSATIONS/TRANSCRIPTS

You have heard recorded conversation. This is proper evidence that you should consider together with and in the same way you consider the other evidence. You were also shown a transcript of one of the conversations to help you follow the recording as you listened to it. The recording is the evidence of what was said and who said it. The transcript is not evidence. If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned.

### 3.16 SUMMARIES RECEIVED IN EVIDENCE

Certain summaries and charts were admitted in evidence. You may use those summaries and charts as evidence even though the underlying documents are not here.

### 3.18 JUROR NOTE-TAKING

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory.

10

The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

### 4.07 SEPARATE CONSIDERATION—MULTIPLE DEFENDANTS CHARGED WITH SAME OR MULTIPLE CRIME(S)

Even though the defendants are being tried together, you must consider each defendant and the evidence concerning that defendant separately. Your decision concerning one defendant, whether it is guilty or not guilty, should not influence your decision concerning any other defendant.

### DEFENDING ONLY THE INDICTMENT

The defendant is not on trial for any act or conduct not alleged in the Indictment.

### PUNISHMENT

The punishment provided by law for the offenses charged in the Indictment is a matter exclusively within the province of the court and should not be considered by you in any way in arriving at the verdict as to any count.

### [CLOSING ARGUMENTS]

## PART II – PROCEDURE FOR JURY DELIBERATION

### CLOSING

Now, members of the jury, the duties of counsel and the court have been performed. The case has been argued by counsel. The court has instructed you regarding the rules of law which should govern you in your deliberations. The time has now come when the great burden of reaching a just, fair, and conscientious decision of this case is to be thrown wholly upon you, the jurors selected for this important duty. You will not be swayed by sympathy, prejudice, or passion. You will be very careful and deliberate in weighing the evidence. I charge you to keep your duty steadfastly in mind and, as upright citizens, to render a just and true verdict.

### 7.01 JURY DELIBERATIONS

Once you are all in the jury room, the first thing you should do is choose a foreperson or presiding juror. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, MySpace, LinkedIn, YouTube, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

### 7.02 Verdict Form

Verdict forms have been prepared for you. You will take these forms with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign each verdict form. Advise the bailiff once you have reached a verdict. When you come back to the courtroom, I will read the verdicts aloud.

### 7.03 Unanimity/Disagreement Among Jurors

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous as to each defendant. Your answers to the two questions on each verdict, should you need to answer them, must also be unanimous. You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your

own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict. The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

14

Case 1:13-cr-00135-WCG   Filed 11/03/14   Page 14 of 14   Document 216