# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | Case Number: 13-CR-135 |
| JESSICA M. GILBERT | USM Number: 12902-089 |
| | John A. Birdsall<br>Defendant's Attorney |
| | Daniel R. Humble<br>Assistant United States Attorney |

THE DEFENDANT was found guilty on count one of the superseding indictment, after a plea of not guilty.

**The defendant is adjudicated guilty of these offense(s):**

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1341, 1343, 1349 and 2326 | Conspiracy to Commit Mail and Wire Fraud and Violation of the SCAMS Act | April 20, 2011 | 1s and SCAMS Act |

The defendant is sentenced as provided in Pages 2 through 6 and the restitution attachment of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States Attorney of material changes in economic circumstances.

Date of Imposition of Judgment
January 28, 2015

s/ William C. Griesbach, Chief Judge, United States District Court
Signature of Judicial Officer
January 30, 2015
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of six (6) months as to count one and two (2) months as to the SCAMS Act to run consecutively for a total term of eight (8) months.

☒ The court makes the following recommendations to the Bureau of Prisons: The defendant be placed at a facility as close to her home as possible.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district
    ☐ at _____ a.m./p.m. on _____.
    ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
    ☐ before _____ a.m./p.m. on _____.
    ☐ as notified by the United States Marshal.
    ☒ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By: _____
     Deputy United States Marshal

Defendant: JESSICA M. GILBERT
Case Number: 13-CR-135

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer.

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.

☐ The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without permission of the court or probation officer;
2. the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall use his best efforts to find and hold lawful employment, unless excused by the probation officer for schooling, training, or other acceptable reasons;
5. the defendant shall notify the probation officer at least ten days prior to any change in his place of residence or employment;
6. the defendant shall not knowingly frequent places where controlled substances are illegally sold, used, distributed, or administered;
7. the defendant shall not associate with any persons known by him to be engaged in criminal activity, and shall not associate with any known felon, absent permission to do so by the probation officer; "associate," as used here, means reside or socialize with such person;
8. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
9. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
10. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant is to participate in a program of testing to include not more than six urinalysis tests per month and residential or outpatient treatment for drug and alcohol abuse, as approved by the supervising probation officer, until such time as he or she is released from such program. The defendant shall pay the cost of this program under the guidance and supervision of the supervising probation officer. The defendant is to refrain from use of all alcoholic beverages throughout the supervised release term.
2. The defendant is to pay restitution at a rate of not less than $100.00 per month or 10% of his or her net earnings, whichever is greater. The defendant will also apply 100 percent of his or her yearly federal and state tax refunds toward the payment of restitution. The defendant shall not change exemptions without prior notice of the supervising probation officer.
3. The defendant shall not open new lines of credit, which includes the leasing of any vehicle or other property, or use existing credit resources without the prior approval of the supervising probation officer. After the defendant's court-ordered financial obligations have been satisfied, this condition is no longer in effect.
4. The defendant is to provide access to all financial information requested by the supervising probation officer including, but not limited to, copies of all federal and state tax returns. All tax returns shall be filed in a timely manner. The defendant shall also submit monthly financial reports to the supervising probation officer.
5. The defendant shall not hold employment having fiduciary responsibilities during the supervision term without first notifying the employer of his or her conviction. The defendant shall not hold self-employment having fiduciary responsibilities without approval of the supervising probation officer.
6. The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500.00 without the approval of his/her supervising probation officer until all financial obligations imposed by this Court have been satisfied in full.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the attached page.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 | $ | $67,784.63 |

☐ The determination of restitution is deferred until ___. An *Amended Judgement in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If a defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

| **Name of Payee** | **\*\*Total Loss** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| See Attachment | | $67,784.63 | |
| **Totals:** | **$** | **$67,784.63** | |

☐ Restitution amount ordered pursuant to plea agreement: $_____.

☐ The defendant must pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine ☐ restitution.

    ☐ the interest requirement for the    ☐ fine ☐ restitution, is modified as follows:

\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☒ Lump sum payment of $100.00 due immediately.

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☒ D, ☐ E, or ☐ F below; or

**C** ☐ Payment in equal monthly installments of not less than $___ or 10% of the defendant's net earnings, whichever is greater, until paid in full, to commence 30 days after the date of this judgment; or

**D** ☒ Payment in equal monthly installments of not less than $100.00 or 10% of the defendant's net earnings, whichever is greater, until paid in full, to commence 30 days after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within 30 days after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several
Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate: $67,784.63 is joint and several with co-defendant Mark S. Parks (001) and Jessica M. Gilbert (007)

☐ The defendant shall pay the cost of prosecution

☐ The defendant shall pay the following court costs

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

| Name | Amount |
|---|---|
| Jennifer Grady | $600.00 |
| John Riggs Jr. | $1,849.00 |
| Berniece Olson | $3,298.00 |
| Heasley Matthews, Sr. | $250.00 |
| Shirley Hellman | $499.00 |
| Carol Quinlivan | $899.00 |
| Brenda Bliss | $600.00 |
| Charlotte Mikolich | $499.00 |
| William & Sheila Aitchison | $899.00 |
| Jane Elliott | $499.00 |
| Earl Haddock | $799.00 |
| Ruth Ewing | $599.00 |
| Danny Vaughn | $699.00 |
| Bart & Mary Sayers | $350.00 |
| Mary Gilmour | $1,439.90 |
| Marshall Platz | $699.00 |
| Ronald Clark | $549.00 |
| Dorothy Adkins | $1,423.00 |
| Donald Marks | $300.00 |
| George Weeks | $250.00 |
| Daette Siffring | $2,199.00 |
| William Sherman | $699.00 |
| Emma Jean Levi | $400.00 |
| Bert Greenberg | $499.00 |
| Edith Prtenheimer | $949.50 |
| Carl Stritzel | $699.00 |
| Eleanor Rindt | $699.00 |
| Chris Aeschliman | $1,500.00 |
| Helen Fowler | $624.00 |
| Sharon Stukenborg | $699.00 |
| Kay Lemmon | $800.00 |
| Robert Grant | $499.00 |
| Martha Bachleda | $350.00 |
| Charles Knoop | $1,980.00 |
| Nancy Ann Lobuglio | $942.82 |
| Bruce Budge | $599.00 |
| Glenn Varney | $2,900.00 |
| Nellie Cain | $549.00 |
| Patricia Clark Bowen | $2,050.00 |
| Jerry Romines | $499.00 |
| Larry Kauffman | $549.00 |
| Dominic Gugliuzza | $400.00 |
| Judith Hefty | $499.00 |
| Eugene Matteson | $349.00 |
| Mary Lou Nichols | $699.00 |
| Ben Bachmeier | $300.00 |
| Audrey Pearson | $700.00 |

| | |
|---|---|
| James & Joan Murphy | $899.00 |
| Wilma Crossan | $599.00 |
| Richard Moody | $299.00 |
| Wendy Kathleen Sutton | $1,198.00 |
| Ernestine Kunkel | $399.00 |
| Ann Quillin | $695.00 |
| Gaye Barlow | $899.00 |
| Laurena Adams | $350.00 |
| Thomas Walk | $549.00 |
| Mick German | $699.00 |
| Constance McClain | $2,200.00 |
| Carol Allen | $1,500.00 |
| Theodore Lesser | $599.00 |
| Betty Bryant | $699.00 |
| William McDevitt | $1,600.00 |
| Ardene Nixon | $499.00 |
| Robert Ouellette | $599.00 |
| Lynne Blais | $499.00 |
| Mary Jane Mueller | $499.00 |
| Carolyn Graham | $400.00 |
| Constance Forner | $300.00 |
| Loralie Coffin | $699.00 |
| Christopher Bogard | $350.00 |
| Marie Carrasco (nee Chaudhry) | $238.41 |
| Marie Cook | $798.00 |
| Mary Walser | $549.00 |
| John Richardson | $1,098.00 |
| Renate Wachtler | $699.00 |
| Karen Totton | $300.00 |
| Col. Bruce Morrell | $799.00 |
| Hope Garin | $499.00 |
| Helen Vaught | $848.00 |
| Barbara McCaw | $499.00 |
| Pat Sita | $449.00 |
| Richard Erd | $1,198.00 |
| Robert & Maryann Maynard | $900.00 |
| Lois Jeffries | $1,249.00 |
| **TOTAL** | **$67,784.63** |